UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jerrod Taylor,                                              Case No. 3:20-cr-93

           Petitioner–Defendant,

v.                                                                    MEMORANDUM OPINION
                                                                       AND ORDER
United States of America,

           Respondent–Plaintiff.

## I.    Introduction

Petitioner Jerrod Taylor filed a motion for relief under 28 U.S.C. § 2255, asserting his sentence should be vacated because he allegedly received ineffective assistance of counsel. (Doc. No. 45). The government opposed Taylor's motion. (Doc. No. 48). Taylor filed a brief in reply. (Doc. No. 49). For the reasons stated below, I deny the motion.

## II.    Background

On February 5, 2020, Jerrod Taylor was indicted by a federal grand jury on one count of possession of a firearm by a person with a prior misdemeanor domestic violence conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). He pled guilty to that charge on November 18, 2020. (*See* non-document entry dated November 18, 2020). On December 14, 2020, I sentenced Taylor to a term of 27 months in custody and 3 years of supervised release. (Doc. No. 31). Taylor did not appeal.

On September 20, 2022, Taylor filed his motion to vacate his conviction. (Doc. No. 45). He argues his Sixth Amendment right to counsel was violated when his attorney failed to file a

motion to dismiss because Taylor allegedly did not know he could not possess a firearm. (Doc. No. 45 at 4-5; Doc. No. 45-1 at 1-2).

### III.  ANALYSIS

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice, . . . an omission inconsistent with the rudimentary demands of fair procedure[, or] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

There is a one-year limitations period applicable to § 2255 motions, which begins to run on the latest date of one of four circumstances. *See* 28 U.S.C. § 2255(f)(1)-(4). The circumstance most pertinent to this case is stated in subsection (1) – "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant does not file a notice of appeal, the defendant's judgment of conviction becomes final fourteen days after the entry of judgment. *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. Crim. P. 4(b)(1)(A). Courts may excuse a petitioner's failure to file a § 2255 motion prior to the one-year deadline if there is evidence the petitioner is actually innocent – that is, where there is "new evidence [that] shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (second alteration by *McQuiggin*).

As the government notes, Taylor's conviction became final for the purposes of § 2255(f) on December 28, 2020, after Taylor did not file a notice of appeal within the 14-day window,

making his deadline to file a § 2255 motion as December 28, 2021. Taylor did not file his motion until over 8 months later. Therefore, his § 2255 motion is barred by the statute of limitations.

Taylor contends the statute of limitations does not apply because he is actually innocent of the charge of conviction. (Doc. No. 49 at 2-4). According to Taylor, *Rehaif v. United States* requires the government to prove he was incarcerated for "a term exceeding one[ ]year." (*Id.* at 2).

But Taylor misstates the Supreme Court's holding in *Rehaif*. In that case, the Supreme Court held that when a defendant is accused of violating §§ 922(g) and 924(a)(2), the government must prove "the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

Section 922(g)(1) – the subsection at issue in *Rehaif* – requires proof the defendant knew he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). But *Rehaif* does not require the government to prove <u>every</u> defendant has been convicted of a crime punishable by more than one year in prison,[1] only those defendants charged with violating § 922(g)(1).

Taylor was charged with, and pled guilty to, violating § 922(g)(9), which prohibits an individual from possessing a firearm if the individual "has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9). Taylor had two such convictions at the time he possessed the firearm at issue in this case. (Doc. No. 22 at 6, 8) (filed under seal).

Taylor has not presented any "'new evidence' suggesting that he lacked the required knowledge about his status" as an individual convicted of a domestic violence misdemeanor. *Wallace v. United States*, 43 F.4th 595, 606 (6th Cir. 2022) (quoting *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th

---

[1] Moreover, and contrary to Taylor's assertion, the government is not required to prove a defendant was actually incarcerated for more than one year, only that the crime of conviction was potentially punishable by a prison term of more than one year.

Cir. 2018)). The only evidence in the record is to the contrary, as Taylor previously explicitly admitted he knew he was not permitted to possess a firearm at the time he possessed it. (Doc. No. 30-1) (filed under seal). Thus, Taylor has failed to establish a basis to excuse his failure to comply with the one-year statute of limitations.

### IV.    CONCLUSION

For these reasons, I deny Taylor's § 2255 motion. (Doc. No. 45).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge